IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:19 - cv – 3188

RUTH ANN BREWER-KRONBERG

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

## COMPLAINT

**COMES NOW** the Plaintiff, Ruth Ann Brewer-Kronberg, by and through her attorney, Michael S. Krieger of Michael S. Krieger, LLC, with her Amended Complaint against the above Defendant, Life Insurance Company of North America ("LINA").

1. This is a civil action for disability benefits owed to Ruth Brewer-Kronberg ("Plaintiff"), arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including 29 U.S.C. § 1132(a). Plaintiff seeks judicial review of the denial of long term disability ("LTD") and other benefits by LINA.

### *JURISDICTION AND VENUE*

2. The United States District Court in and for the District of Colorado has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 1132(e)(1).

3. Venue is proper in Colorado, pursuant 29 U.S.C. § 1132(e)(2), because LINA does business in Colorado and has an agent for service of process in Colorado.

## *PARTIES*

4.  Plaintiff is age 53 resides in Colorado at the time of filing this Complaint.

5.  Plaintiff was a property manager for 27 years with Simpson Housing LLLP.

6.  On October 29, 2013, Plaintiff was compelled to stop working, strictly due to her medical condition.

7.  Simpson Housing LLLP provided an LTD income plan ("LTD Plan") as an employee benefit to its employees, which LTD Plan covered Plaintiff.

8.  At all times relevant hereto, LINA underwrote the LTD portion of an employee benefit plan of Simpson Housing LLLP and acted as the claim administrator thereof.

## *CLAIMS FOR RELIEF*

9.  For a significant period of time prior to Oct 29, 2013, Plaintiff suffered from incapacitating neck pain with headaches and degenerative low back disc disease, causing low back pain.

10.  Relative to her neck, Plaintiff treated with orthopedic and other medical doctors, which treatment included 2 cervical fusions and artificial disc replacement at C4-5 on Oct 29, 2013.  Plaintiff was unable to return to work after her artificial disc replacement surgery due to continuing severe neck pain, shoulder and trapezius pain, and numbness in her left hand (among other symptoms in her left hand).

11.  In addition to ongoing severe low back pain which radiated into her left buttocks and left leg, the Plaintiff underwent a laminectomy of her low back, and continued thereafter to have severe low back pain, radiculopathy down the left leg and occasional numbness in the left foot.

12. Plaintiff's combined low back and neck disorders have created difficulties in maintaining postures, such that she is unable to sit for more than 30 minutes at one time and for a total of only 2 hours per day; stand for only 15 minutes at one time for a total of 1-2 hours per day, and walk for only 15 minutes at a time for a total of 1 hour per day.  She can only occasionally reach in all directions.  She must lie down when resting for a considerable period of time during the day, as much as 4 hours during an 8-hour workday.

13. The United States Social Security Administration found that there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform, in a decision dated March 31, 2016, which is attached hereto as Exhibit A.

14. A comprehensive functional capacity evaluation by Sherry Young, OTR, was conducted in May of 2015, which found that Plaintiff was capable of lifting 5-10 pounds on a "rare to occasional basis" and would need to lie down for about 45 minutes in any 4 hour period of time.  The opinion of Ms. Young was that Plaintiff could not reliably maintain job attendance, would be off task too often, and/or would need too many rest breaks during a workday and, therefore, would not be able to sustain employment.  Treating physicians John Willard, DO, and Michael Janssen, DO, stated they were in agreement with the conclusions of the functional capacity evaluation by Ms. Young.

15. Plaintiff was found eligible for short term disability benefits by LINA, exhausted said benefits, and began to receive LTD benefits from LINA during 2014.

16. LINA conducted videotaped surveillance of Plaintiff in July of 2014.

17. Plaintiff was terminated from LTD benefits by LINA effective January 28, 2015 based on the surveillance.  Plaintiff appealed, submitting additional medical

evidence.   LINA reversed itself and reinstated benefits on 11 November 2015, via a letter dated 23 March 2016.

18.   In the meantime, LINA retained Lloyd Thurston, DO, who conducted a medical examination of the Plaintiff and wrote a report dated 29 Feb 2016.   Dr. Thurston reviewed the same July 2014 videotaped surveillance, created his own statement of Plaintiff's residual functional capacity ("RFC") and concluded that the Plaintiff could engage in substantial work.

19.   Using Dr. Thurston's new RFC statement, LINA conducted a transferable skills analysis and concluded that Plaintiff could earn at least $7000 per month, an amount just sufficient to make her ineligible for further LTD benefits.

20.   LINA terminated LTD benefits by way of its letter of 23 March 2016.

21.   Plaintiff appealed this denial by way of her letter dated 20 Sept 2016.

22.   LINA denied Plaintiff's appeal via its letter of 11 Nov 2016.

23.   No further appeal was required, according to LINA's 11 Nov 2016 letter.

### *STANDARD OF REVIEW*

24.   Upon information and belief, the LTD Plan does not create or reserve any discretionary authority in LINA to determine eligibility for LTD benefits.

25.   LINA has an inherent and actual conflict of interest in the claims administration process in this case, because LINA determines the validity of Plaintiff's claim and LINA is also responsible for paying all LTD benefits.

26.   In the alternative, any term, provision or clause purporting to provide administrative discretion or deference to LINA to determine eligibility for benefits under the LTD plan, define the terms of the LTD plan or making any plan decisions, is void

pursuant to *C.R.S. § 10-3-116*, which makes mandatory a *de novo* review of the entitlement to disability benefits.

27. In the alternative, the acts and omissions of the LINA, some of which are cited elsewhere in this Complaint, constitute procedural irregularities that are serious enough to dial-back the administrative discretion allegedly reserved to the LTD Plan in a degree to be determined by the Court.

28. In the alternative, the acts and omissions of LINA were arbitrary and capricious, subjecting LINA to the remedies sought by Plaintiff.

29. In wrongfully denying benefits to Plaintiff, LINA failed to comply with its fiduciary duties under ERISA, through the following acts and omissions:

    a. Taking actions as a decision-maker, while in an inherent and actual conflict of interest, as LINA is the adjudicator, investigator, payer and underwriter of claims and benefits under the Plan;

    b. Failing to provide specific reasons for termination of Plaintiff's LTD benefits or denying the Plaintiff's claim for benefits under any LTD Plan provision and failing to perform other duties, more fully described in *29 U.S.C. § 1133 and Regulation 29 C.F.R. § 2560.503.1;*

    c. Relying on a surveillance video of the Plaintiff which does not contradict or address Plaintiff's functional limitations and provides a very limited snapshot of Plaintiff;

    d. relying on its hired medical examiner's 2016 review of the same videotaped surveillance that it considered insufficient (from an evidentiary standpoint) in LINA's 2015 review; and

      e.    Failing to perform other acts which a reasonable, full and fair review of this claim requires under the circumstances of this individual case.

***WHEREFORE***, Plaintiff requests the following from this Honorable Court:

a. Declaratory relief as may be appropriate, ordering LINA to pay all back-due benefits and reinstate any and all continuing Plan benefits, including but not limited to LTD benefits and group life insurance waiver of premium benefits, if any, and applying any credits for an overpayment related to the provision of Social Security benefits to Plaintiff by the SSA;

b. Order LINA to pay interest on any back-due benefits under applicable law;

c. Order LINA to pay all court costs and reasonable attorney fees pursuant to 29 *U.S.C. § 1132(g)(1)* and C.*R.S. § 10-3-1116(1);*

d. Grant such other relief as may be proper.

Signed and executed this 8 November 2019.

           ***s/Michael S. Krieger***
           Michael S. Krieger
           Michael S. Krieger, LLC
           Noel & Krieger
           165 South Union Blvd., #555
           Lakewood CO 80228
           303-781-5559     Fax: 303-781-1349
           Mike@Krieger.Law
           Attorney for Plaintiff